USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/03/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICARDO VELASQUEZ,

                Plaintiff,

-against-

VIVIR LOUNGE CORP. d/b/a VIVIR LOUNGE and CRESCENT HOUSE LLC,

                Defendant.

24-CV-03277 (MMG)

**ORDER OF DISMISSAL**

MARGARET M. GARNETT, United States District Judge:

    Plaintiff Ricardo Velasquez commenced this action on April 30, 2024. *See* Dkt. No. 1. Defendant Vivir Lounge Corp. was served on May 21, 2024, *see* Dkt. No. 10, and Defendant Crescent House LLC was served on November 1, 2024, *see* Dkt. Nos. 17, 18. As of January 17, 2025 neither Defendant had appeared. Accordingly, the Court ordered Plaintiff to file any motions for default judgement by March 31, 2025. *See* Dkt. Nos. 19, 22. The March 31, 2025 deadline for Plaintiff to move for default judgment elapsed and Plaintiff failed to move for default judgement. In addition, Plaintiff failed to comply with the Court's order to file proof of service on Defendants.

    On May 21, 2025, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute. On June 16, 2025, Plaintiff informed the Court that Defendants were re-served and requested a 30-day extension of time for Defendants to respond. *See* Dkt. No. 21. The Court granted Plaintiff's request but ordered Plaintiff to "file any motion for default judgment in accordance with the Court's Individual Rules and Practices" by July 22, 2025 if Defendants still had not appeared. *See* Dkt. No. 28. The Order also directed Plaintiff to serve a copy of the Order on Defendant to file proof of service within three days (*i.e.*, by June 20, 2025). *Id.* On July 21 and 22, 2025, Plaintiff filed proposed Clerk's Certificates of Defaults and Declarations in Support of the Proposed Certificates. *See* Dkt. Nos. 29–32. However, Plaintiff did not file any motions for default judgment nor did Plaintiff file proof of service as required by the Order. Because Plaintiff's has repeatedly failed to comply with Court orders and has received multiple warnings that his failure to comply could result in dismissal of this action, dismissal of this action for failure to prosecute is warranted.

## DISCUSSION

    Under Federal Rule of Civil Procedure 41(b) "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." "Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (the authority of a federal court to dismiss a plaintiff's action *sua sponte*

for failure to prosecute "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts").

In considering a Rule 41(b) dismissal, courts must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). Each of these factors weighs in favor of dismissal of this action.

First, Plaintiff has failed to comply with multiple Court orders in this case. On February 2, 2025, the Court ordered Plaintiff to move for default judgment. *See* Dkt. No. 22. Plaintiff did not do so, leading the Court to issue an Order to Show Cause why the case should not be dismissed for failure to prosecute. *See* Dkt. No. 23. On June 17, 2025, the Court instructed Plaintiff to "file any motion for default judgment in accordance with the Court's Individual Rules and Practices" by July 22, 2025. The Court's Individual Rules require, *inter alia*, a motion for default judgment to include an attorney's affidavit setting forth the proposed damages and the basis for each element of damages, including interest, attorneys' fees, and costs as well as legal authority for why an inquest into damages would be unnecessary. *See* INDIVIDUAL RULES & PRACTICES OF THE HONORABLE MARGARET M. GARNETT, UNITED STATES DISTRICT JUDGE, RULE II(B)(10). Plaintiff requested a Clerk's Certificate of Default, but did not file a motion for default judgment nor did he submit an affidavit in support of a motion for default judgment that comported with the requirements of the Court's individual rules.[1] Furthermore, the Court's Order required Plaintiff to serve a copy of the Order within two business days and to file proof of service within three business days. *See* Dkt. No. 28. More than three months have elapsed from the date of the Order and no proof of service has been filed. *Id.* Given Plaintiff's repeated failure to comply with Court orders, despite many opportunities and ample time, the first factor weighs in favor of dismissal.

As to the second factor, Plaintiff has now been warned on two occasions that his failure to comply with Court orders could result in dismissal of this case. First, in the May 21, 2025 Order to Show Cause, the Court stated "Plaintiff is now on notice that failure to take action in this case and comply with the Court's order could result in dismissal." *See* Dkt. No. 23 at 2. Second, in the Court's June 17, 2025 Order, the Court advised Plaintiff that "if he does not timely file a motion for default judgment, the Court may dismiss this action for failure to prosecute without further notice to any party." *See* Dkt. No. 28 at 2. Plaintiff did not file a motion for default judgment, nor did he comply with the Court's directive to serve the Court's Order on Defendants and file proof of service. Because Plaintiff was warned on multiple occasions that failure to comply with Court orders would result in dismissal of this action, the

---

[1] Plaintiff's request for a Clerk's Certificate of Default following the Court's July 17, 2025 Order does not excuse his failure to move for default judgment. "Simply because the Clerk enters a default, however, does not entitle the plaintiff to a default judgment." *Chalos & Co, P.C. v. SRAM & MRAM Res. Berhad*, No. 23-CV-2523 (NJC)(AYS), 2024 WL 4120402, at *3 (E.D.N.Y. July 19, 2024), *report and recommendation adopted as modified sub nom. Chalos & Co., P.C. v. SRAM & MRAM Res. Berhad*, No. 23-CV-02523 (NJC), 2024 WL 3738203 (E.D.N.Y. Aug. 9, 2024). The Court required Plaintiff to submit a motion for default judgment in accordance with the Court's Individual Rules and Practices and Plaintiff did not do so. Accordingly, Plaintiff failed to comply with the Court's July 17, 2025 Order.

second factor also weighs in favor of dismissal. *See Jianshe Guo v. A Canaan Sushi Inc.*, No. 18-CV-04147 (JMF), 2019 WL 1507900, at *3 (S.D.N.Y. Apr. 5, 2019) (dismissing a case for failure to prosecute where "Plaintiff was explicitly warned twice, in the past few months alone, that failure to comply [with court deadlines] could result in dismissal.").

The third factor weighs in favor of dismissal because the record in this case indicates that Defendants are unlikely to be prejudiced by the termination of proceedings. Defendants were served more than a year ago, *see* Dkt. No. 1, and, more than nine months ago, were warned that they "appear[ed] to be in default," *see* Dkt. No. 19; *see also* Dkt. No. 20 (certifying that Plaintiff served Dkt. No. 19 on Defendants). Defendants' failure to appear in this matter after more than a year indicates that they are unlikely to be prejudiced by this Order.

Further, the Court has a strong interest in managing its docket and cannot wait indefinitely for Plaintiff to turn its attention to this case. Plaintiff's deadline to move for default judgement has already been extended, *see* Dkt. Nos. 22 & 28, and Plaintiff still did not move for default judgement within the extended timeframe. Moreover, Plaintiff did not comply with the Court's February 5, 2025 or June 17, 2025 Orders. "Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Mahoney v. City of New York*, No. 12 CIV. 6717 (PKC) (KNF), 2013 WL 5493009, at *2 (S.D.N.Y. Oct. 1, 2013). The fourth factor therefore weighs in favor of dismissal.

Finally, the Court finds that, given Plaintiff's repeated failures to comply with Court Orders, no lesser sanction is likely to be effective. *See Capellan v. Dep't of Homeland Sec.*, No. 06-CV-2551(KMW), 2008 WL 2512491, at *5 (S.D.N.Y. June 13, 2008) ("Upon reviewing the entire record of this case, the Court concludes that because Plaintiffs have a track record of disregarding deadlines and orders, lesser sanctions are unlikely to be effective."). However, the Court's dismissal is without prejudice to Plaintiff filing a new lawsuit. *See Jianshe Guo*, 2019 WL 1507900, at *4 ("[T]he lesser sanction of dismissal without prejudice . . . is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendants") (quoting *Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013)).

## CONCLUSION

For all of the reasons stated above, this case is DISMISSED for failure to prosecute. To ensure that Plaintiff himself is aware of the dismissal, counsel shall serve a copy of this Order on Plaintiff by mail and file proof of such service by **November 14, 2025**.

Dated: November 3, 2025
      New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

3